FILED

2016 May-27  PM 05:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| MATT ABBOTT, an individual, ) | |
| THE ABBOTT LAW FIRM, LLC, ) | |
| an Alabama Limited Liability Company, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| V. ) | CIVIL ACTION NO.: |
| ) | |
| ELIOT WAGONHEIM, an individual, ) | |
| WAGONHEIM & ASSOCIATES, ) | |
| LLC, a Maryland Limited Liability ) | |
| Company, JOHN DOES 1 – 10, ) | |
| ) | |
|     Defendants. ) | |

## COMPLAINT

COMES NOW, the Plaintiffs, by and through the undersigned counsel of record and for their Complaint against the Defendants, state as follows:

## I.  PARTIES

1.  Matt Abbott ("Abbott") is an individual resident of the State of Alabama and is over the age of nineteen (19) years.  Abbott has practiced law in the State of Alabama and in various jurisdictions nationwide since 2000.

2.  The Abbott Law Firm, LLC ("ALF") is a limited liability company organized under the laws of the State of Alabama.  ALF is a law firm with its principal place of business in Birmingham, Alabama.  Abbott is the sole member of

ALF.  ALF provides legal services to clients throughout the State of Alabama and in various jurisdictions nationwide.

3.     Defendant, Eliot Wagonheim ("Wagonheim") is an individual resident of the State of Maryland and is over the age of nineteen (19) years.

4.     Defendant, Wagonheim & Associates, LLC ("WA") is a Maryland Limited Liability Company organized under the laws of the State of Maryland. Upon information and belief, Wagonheim is the principal officer of WA.

5.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named here as John Does 1-10 are unknown to Plaintiffs who therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to show their true names and capacities when the same has been ascertained. Plaintiffs are informed and believe and thereupon allege that each of the Defendants designated herein as a Doe was in some manner legally responsible for the events and occurrences herein alleged and unlawfully and proximately caused damages to Plaintiffs.

## II.     JURISDICTION AND VENUE

6.     This is an action for damages and relief for trademark infringement, false designation of origin, false or misleading description of fact, false or misleading representation of fact, unfair competition, false advertising, dilution and cybersquatting under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and

1125, and for violations of the laws of the State of Alabama, specifically trademark infringement, dilution, deceptive trade practices, false advertising and unfair competition under Ala. Code §§ 8-12-1, *et seq*. and Ala. Code §§ 8-19-1, *et seq*., and violations of the Alabama common law with respect to conversion.

7.     This Court has jurisdiction over the subject matter pursuant to the provisions of the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), in that this action arises under the trademark laws of the United States.

8.     Jurisdiction is also conferred on this Court pursuant to 28 U.S.C. § 1332(a)(1) through diversity of citizenship, as the action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

9.     Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over the Plaintiffs' claims arising from the laws of the State of Alabama as those claims are substantially related to those causes of action over which the Court has original jurisdiction.

10.     This Court may exercise personal jurisdiction over the Defendants pursuant to the Alabama long arm statute under Alabama Rules of Civil Procedure Rule 4.2 because one or more of the Defendants; (1) are doing business in this judicial      district      by      virtue      of      the      internet      website      domain

www.outlawyerinsights.com, among other things, (2) have committed tortious acts within this judicial district through the creation of a substantial likelihood of confusion in the marketplace, among other things ; (3) have committed a tortious injury in this state caused by an act or omission outside this state and the Defendants regularly do business in this judicial district, including unfair competition, trademark infringement, false advertising, dilution, cybersquatting, deceptive trade practices and making deceptive, false and fraudulent statements, unauthorized use of the Plaintiffs' proprietary information and conversion, among other wrongful and unlawful acts; and/or (4) otherwise have sufficient minimum contacts with the State of Alabama.

11.    Venue is proper under 28 U.S.C. § 1391(b) in that one or more of the Defendants are doing and transacting business within this judicial district and have committed the tortious acts complained of herein in this judicial district of the State of Alabama.

### III.   FACTUAL BACKGROUND

12.    Abbott has continuously practiced law in Alabama and various jurisdictions throughout the United States since 2000.  During this time, Abbott has developed a persona and alter ego of "The Outlawyer" based upon the types matters he has handled and the clients he has represented.

4

13.     In particular, Abbott has incorporated "The Outlawyer" persona in all aspects of his practice from his own personal style and appearance to the types of matters he has handled and the clients he has represented.

14.     Clients, particularly in the Southeastern region of the United States but also throughout the country, have come to know and recognize Abbott as "The Outlawyer" by virtue of his representation of victims of severe personal injuries and other extreme hardships.

15.     In this regard, clients that retained Abbott have come to associate Abbott with an aggressive, renegade and outlaw approach to the representation of his clients' causes. Additionally, Abbott's legal colleagues and friends have referred to Abbott as "The Outlawyer" based upon this approach and persona. As such, Abbott has developed "The Outlawyer" persona into his own alter ego and thus, has developed substantial goodwill in "The Outlawyer" persona.

16.     In an effort to further expand upon and continue development of "The Outlawyer" persona, starting in approximately Summer of 2015 to the present, Abbott began to acquire various internet domains including: outlawyer.com; outlawyer.net; outlawyer.info; outlawyer.org; theoutlawyer.com; theoutlawyer.net; theoutlawyer.org; theoutlawyer.info, theoutlawyers.com; theoutlawyers.net; theoutlawyers.org; and theoutlawyers.info.

17.    Abbott's image as the Outlawyer is currently depicted on the www.outlawyer.com internet domain website.  Exhibit A.  Through this website, potential clients have the ability to contact Abbott directly regarding potential representation.

18.    On December 15, 2015, Abbott submitted a trademark application to the United States Patent and Trademark Office ("USPTO") for "THE OUTLAWYER" in connection with Abbott's alter ego and persona in his law practice.  The USPTO assigned Serial Number 86849701 to THE OUTLAWYER trademark for use in connection with Abbott's and ALF's legal services to clients.

19.    Abbott's submission of THE OUTLAWYER trademark served to formalize Abbott's long-standing common law rights to THE OUTLAWYER trademark and proprietary rights that Abbott had developed since the beginning of his law practice.

20.    Importantly, at the time of the submission of the application, an internet search failed to reveal any other active uses of the term "outlawyer" in connection with an internet domain website.  Moreover, a search of the USPTO records revealed no other trademark applications or registrations that incorporated the term "outlawyer."

21.     The USPTO has recently advised Abbott that THE OUTLAWYER trademark is entitled to registration and is currently set to be published for opposition on May 31, 2016. Exhibit B.

22.     Despite the foregoing, on or about February 3, 2016, Abbott discovered the existence of an internet website located at www.outlawyerinsights.com maintained and controlled by the Defendants. Exhibit C. The Defendants did not create this website until the beginning of 2016 after the Plaintiffs had submitted their trademark application and more importantly, substantially after the Plaintiffs had already established common law trademark rights in the Outlawyer brand and mark.

23.     A review of the www.outlawyerinsights.com website reveals that is operated by Wagonheim who practices law in the State of Maryland. As described in the "About" section of the website, Wagonheim refers to himself as "Outlawyer" in direct contradiction to the Plaintiff's long standing rights to THE OUTLAWYER trademark and brand.  Exhibit D.

24.     Accordingly, on February 5, 2016, the undersigned counsel of record for the Plaintiffs sent a cease and desist letter to the Defendants demanding, among other things, that they remove all usage of THE OUTLAWYER trademark as such use by the Defendants had not been authorized and constituted infringement of the Plaintiffs' rights.  Exhibit E.

25.     Plaintiffs' counsel sent the Defendants a second letter on March 16, 2016 after the Defendants failed to substantively respond to the February 5, 2016 letter and failed to remove their unauthorized website and unauthorized usage of the Plaintiffs' THE OUTLAWYER trademark.  Exhibit F.

26.     On May 23, 2016, the Defendants finally responded to the foregoing letters by stating they refused to cease and desist from their unauthorized and unlawful infringing conduct.  Exhibit G.

27.     As of the filing of this Complaint, the Defendants continue to unlawfully maintain and operate the www.outlawyerinsights.com website. Furthermore, a recent Google search reveals that the Defendants' unauthorized usage currently occupies the top search result on Google for the term "Outlawyer."

28.     The forgoing conduct by the Defendants can only be considered to be in bad faith and in violation of the Plaintiffs' known rights to THE OUTLAWYER trademark and "The Outlawyer" persona and the goodwill associated therewith. Clearly, the Defendants only decided to create and operate the www.outlawyerinsights.com website after the Plaintiffs had submitted the trademark application for THE OUTLAWYER and long after Abbott had developed the "Outlawyer" persona, for use in connection with his law practice.

29.     In taking such unauthorized actions, the Defendants have infringed upon the Plaintiffs' rights and are creating substantial confusion in the marketplace

regarding the true identity of the Outlawyer.  In so doing, the Defendants clearly intended to unfairly trade upon the substantial goodwill that Abbott had developed in The Outlawyer persona and THE OUTLAWER trademark. Such conduct is in clear violation of Abbott's proprietary and intellectual property rights and entitles the Plaintiffs to both injunctive and monetary relief as explained herein.

## IV.   CLAIMS

### A.   COUNT ONE: Federal Trademark Infringement under Section 32 of the Lanham Act (15 U.S.C. § 1114) Against All Defendants.

30.    The Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-nine (29) as if fully set forth herein.

31.    As a result of the acts complained of herein, the Defendants' use of THE OUTLAWYER trademark, has already and is likely to cause confusion, mistake and deception among consumers regarding the identity of The Outlawyer and the legal services provided by Abbott under The Outlawyer persona  in violation of 15 U.S.C. § 1114.

32.    Such consumers have been and will likely be misled into believing that the Defendants are associated with, connected to, affiliated with, approved by or otherwise sponsored or authorized by the Plaintiffs to market legal services under THE OUTLAWYER trademark or that the Defendants are the outright owners of the THE OUTLAWYER trademark in violation of 15 U.S.C. § 1114.

9

33.     The unlawful and willful conduct of the Defendants has caused and will continue to cause irreparable injury and monetary damages to the Plaintiffs unless and until they are restrained by this Court.  The Plaintiffs have no adequate remedy at law for the non-monetary damages caused by the Defendants.

34.     The Defendants' conduct, jointly and severally, has resulted in direct and proximate injury to the Plaintiffs.

>   **B.    COUNT TWO: Federal Trademark Infringement, False Designation of Origin, False or Misleading Representation of Fact, Unfair Competition and False Advertising Under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) Against All Defendants.**

35.     The Plaintiffs hereby incorporate and reallege paragraphs one (1) through thirty-four (34) as if fully set forth herein.

36.     As alleged herein, the conduct of the Defendants infringes upon the Plaintiffs' trademark rights, uses one or more false designations of origin, falsely or misleadingly represents and describes facts, falsely advertises that the Defendants are associated with, connected to, affiliated with, approved by or otherwise sponsored or authorized by the Plaintiffs to market legal services under THE OUTLAWYER trademark or that the Defendants are the outright owners of THE OUTLAWYER trademark.

37.     Through such misrepresentations, the Defendants have caused and will continue to cause services to be marketed and offered for sale in interstate commerce through false advertising in violation of 15 U.S.C. § 1125(a).

38.     Moreover, the Defendants' appropriation and use of THE OUTLAWYER trademark has caused confusion, mistake or deception with the Plaintiffs' trademark rights in that the consuming public will acquire an incorrect impression that the services marketed and sold by the Defendants under THE OUTLAWYER trademark are connected with, affiliated with, sponsored, controlled, produced, licensed or otherwise authorized by the Plaintiffs or that the Defendants are the outright owners of THE OUTLAWYER trademark, thereby gaining acceptance and profit by reason of the reputation and goodwill associated with THE OUTLAWYER trademark as developed by Abbott and causing the Plaintiffs irreparable harm and monetary damages.

39.     The aforesaid false and misleading advertising and misrepresentations by the Defendants has caused the Plaintiffs irreparable harm for which they have no adequate remedy at law.

40.     Unless and until the unlawful conduct of the Defendants, is restrained an enjoined by this Court, the Plaintiffs will continue to suffer irreparable harm and the consuming public will continue to suffer under a likelihood of confusion affecting the Plaintiffs.

11

41.     Unless restrained by this Court, the unlawful misrepresentations, false designations and false advertisements of the Defendants will be continuous, increasingly publicized and brought to the attention of the consuming public worldwide.  Furthermore, upon information and belief, the Defendants will continue to carry on their wrongful conduct as alleged herein and continue to do so unless enjoined by this Court.

42.     The Defendants' conduct, jointly and severally, has resulted in direct and proximate damage to the Plaintiffs.

    **C.**    **COUNT THREE: Federal Trademark Dilution Under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)) Against All Defendants.**

43.     The Plaintiffs hereby incorporate and reallege paragraphs one (1) through forty-two (42) as if fully set forth herein.

44.     Since at least as early as 2000 when Abbott began his legal practice, Abbott has offered his legal services under "The Outlawyer" persona to those clients that are victims of severe personal injuries and extreme hardships.  In connection therewith, Abbott has had tremendous success and has come to be recognized by clients and his legal colleagues as The Outlawyer.  These efforts have caused THE OUTLAWYER trademark and the persona thereunder to become famous.

45.     As alleged herein, the conduct of the Defendants in using THE OUTLAWYER trademark, without the Plaintiffs' authorization, permission or

12

consent, in connection with the Defendants' advertising and conduct described herein, causes dilution to the distinctiveness of THE OUTLAWYER trademark and "The Outlawyer" persona in violation of 15 U.S.C. § 1125(c).

46.    The aforesaid conduct of the Defendants is made and maintained with the deliberate and willful intent to trade off the Plaintiffs' goodwill and reputation built into THE OUTLAWYER trademark and to cause dilution of such trademark in violation of 15 U.S.C. § 1125(c).

47.    The aforesaid conduct of the Defendants constitutes violations of 15 U.S.C. § 1125(c), including dilution of THE OUTLAWYER trademark.

48.    The unlawful and willful conduct of the Defendants is causing the Plaintiffs irreparable harm and monetary damages. The Plaintiffs have no adequate remedy at law for their non-monetary damages.

49.    The Defendants' conduct, jointly and severally, has resulted in direct and proximate damage to the Plaintiffs.

### D.    COUNT FOUR: Cybersquatting under the Lanham Act, Section 43(d) (15 U.S.C. § 1125(d)) Against All Defendants.

50.    The Plaintiffs hereby incorporate and reallege paragraphs one (1) through forty-nine (49) as if fully set forth herein.

51.    In addition to Plaintiff's aforesaid rights in THE OUTLAWYER trademark, Abbott is the owner of many various domain name registrations incorporating THE OUTLAWYER trademark.

52.   By virtue of the Defendants' aforesaid conduct, the Defendants are trafficking in and are using the domain name outlawyerinsights.com which is confusingly similar to and dilutive of  THE OUTLAWYER trademark with a bad faith intent to profit from such famous trademark.

53.   The Defendants themselves and/or through their agents are the registrants of the domain name outlawyerinsights.com.

54.   The aforesaid conduct of the Defendants constitutes violations of Section 43(d) of the Lanham Act including cyberpiracy and/or cybersquatting affecting the Plaintiff's THE OUTLAWYER trademark and associated domain names.

55.   The Defendants' unlawful and willful conduct is causing the Plaintiffs irreparable harm for which Plaintiffs have no adequate remedy at law.

56.   Unless and until the Defendants' unlawful and willful conduct is restrained and enjoined by this Court, the Plaintiffs will continue to suffer irreparable harm and the consuming public will continue to suffer under a likelihood of confusion affecting the Plaintiffs.

57.   The unlawful and willful conduct of the Defendants is causing the Plaintiffs irreparable harm and monetary damages. The Plaintiffs have no adequate remedy at law for their non-monetary damages.

58.     The Defendants' conduct, jointly and severally, has resulted in direct and proximate damage to the Plaintiffs.

**E.     COUNT FIVE: Alabama Statutory and Common Law Trademark Infringement, Unfair Competition, Trademark Dilution, False Advertising and Deceptive Trade Practices Against All Defendants.**

59.     The Plaintiffs hereby incorporate and reallege paragraphs one (1) through fifty-eight (58) as if fully set forth herein.

60.     As alleged herein, the conduct of the Defendants, constitute trademark infringement, unfair competition, trademark dilution, false advertising and deceptive trade practices in violation of the laws of the State of Alabama, including Ala. Code §§ 8-12-1, *et seq*. and Ala. Code §§ 8-19-1, *et seq.*, and the common law.

61.     The actions of the Defendants have caused and will continue to cause irreparable injury and monetary damages to the Plaintiffs unless restrained by this Court.

62.     The Defendants' conduct, jointly and severally, has resulted in direct and proximate damage to the Plaintiffs.

**G.     COUNT SIX: Conversion of the Plaintiffs' Property Against All Defendants.**

63.     The Plaintiffs hereby incorporate and reallege paragraphs one (1) through sixty-two (62) as if fully set forth herein.

64.    As alleged herein, the conduct of the Defendants constitutes an unlawful taking and theft of the Plaintiffs' property, including THE OUTLAWYER trademark and "The Outlawyer" persona of Abbott for use in connection with provision of legal services.

65.    In committing such wrongful taking and theft of the Plaintiffs' property, the Defendants have converted and stolen said property described above for their own use and benefit and to the detriment of the Plaintiffs.

66.    The Defendants have caused and will continue to cause irreparable injury and monetary damages to the Plaintiffs unless restrained by this Court.  The Plaintiffs have no adequate remedy at law for the non-monetary damages.

67.    The Defendants' conduct, jointly and severally, has resulted in direct and proximate damage to the Plaintiffs.

## V.    RELIEF REQUESTED

WHEREFORE, the Plaintiffs demand the following:

1.    That the Court adjudge and decree that Abbott is the exclusive owner THE OUTLAWYER trademark for use in connection with legal services.

2.    That the Court adjudge and decree that the conduct of the Defendants, infringes upon the Plaintiffs' respective trademark rights in violation of 15 U.S.C. § 1114.

16

3.     That the Court adjudge and decree that the conduct of the Defendants, infringes upon the Plaintiffs' respective trademark rights in violation of 15 U.S.C. § 1125.

4.     That the Court adjudge and decree that the conduct of the Defendants serves to designate falsely the origin of the legal services marketed and offered by the Defendants and falsely represents that such legal services are connected with, affiliated with, sponsored, controlled, produced, licensed or otherwise authorized by the Plaintiffs or that the Defendants are the outright owners of THE OUTLAWYER trademark.

5.     That the Court adjudge and decree that the conduct of the Defendants constitutes dilution of the Plaintiffs' famous THE OUTLAWYER trademark in violation of 15 U.S.C. § 1125(c).

6.     That the Court adjudge and decree that the conduct of the Defendants constitutes violations of Ala. Code §§ 8-12-1, *et seq*. and Ala. Code §§ 8-19-1, *et seq*.

7.     That the Court adjudge and decree that the conduct of the Defendants infringes upon the Plaintiffs' rights under the common law of the State of Alabama.

8.     That the Court adjudge and decree that the conduct of the Defendants constitutes unfair competition under the common law of the State of Alabama.

9.     That the Court adjudge and decree that the conduct of the Defendants constitutes theft and conversion of the Plaintiffs' property under the common law of the State of Alabama.

10.     That the Court enter temporary and permanent injunctions against the Defendants and any of their officers, agents, servants, employees and attorneys, and any of those persons in active concert or participation with the Defendants, from directly or indirectly:

(a)     Marketing, advertising or promotion of any legal services under THE OUTLAWYER trademark;

(b)     Using any word(s) or mark(s) confusingly similar to THE OUTLAWYER trademark in connection with the marketing, advertising or promotion of legal services;

(c)     Representing by any words or conduct that legal services marketed, advertised or promoted by the Defendants are connected with, affiliated with, sponsored, controlled, produced, licensed or otherwise authorized by the Plaintiffs or that the Defendants are the outright owners of THE OUTLAWYER trademark;

(d)     Committing any act which, in and of itself, or from the manner or under the circumstances in which it is done, amounts to a false designation of origin, false description or false representation of the Defendants.

18

11.     That the Court enter an injunction directing the Defendants:

(a)     Transfer all rights, title and interest to outlawyerinsights.com and any other domain names, as well as any trademarks (whether registered or unregistered) that are confusingly similar to THE OUTLAWYER trademark to Abbott;

(b)     To remove and/or have removed from any and all third-parties, websites, advertising and marketing materials, any false advertisements that the legal services marketed, promoted or advertised by the Defendants are connected with, affiliated with, sponsored, controlled, produced, licensed or otherwise authorized by the Plaintiffs or that the Defendants are the outright owners of THE OUTLAWYER trademark;

(c)     To preserve any and all records, whether in written or electronic form, that in any way relate to the use of THE OUTLAWYER trademark and the matters referred to herein; and

(d)     To file with the Court and to provide a copy to the below counsel of record, within thirty (30) days of the service of such injunction upon the Defendants, a written report detailing under oath the manner in which the Defendants have complied with the injunction.

12.     That the Court enter judgment against the Defendants, jointly and severally, and award the Plaintiffs damages arising out of the Defendants' violations of the Lanham Act and Alabama statutory and common law.

13.     That the Court enter judgment against the Defendants, jointly and severally, and award the Plaintiffs damages arising out of the Defendants' wrongful theft and conversion of the Plaintiffs' property.

14.     That the Court award the Plaintiffs punitive damages against the Defendants, jointly and severally.

15.     That the Court award the Plaintiffs treble damages against the Defendants, jointly and severally.

16.     That the Court award the Plaintiffs their full costs for this action.

17.     That the Court award the Plaintiffs reasonable attorney's fees.

18.     That the Court require a full and complete accounting of all monies received by the Defendants as a result of the wrongful actions stated herein.

19.     That the Court award interest at the then prevailing or legal rate, whichever is greater, on all monies found to be due to the Plaintiffs from the date said amounts or any part thereof became or becomes due.

20.     That the Court required the Defendants to notify their commercial associates, suppliers, vendors, customers, and other business affiliations of the Court's order.

21.     That the Court grant the Plaintiffs a trial by jury.

22.     That the Court award such other and further relief as the Court may

deem appropriate, just and proper.

Respectfully submitted this 27th day of May, 2016.

/s/ *Joseph P. Schilleci, Jr.*
Joseph P. Schilleci, Jr.

/s/ *Jason P. Tortorici*
Jason P. Tortorici
Schilleci & Tortorici, P.C.
2821 2nd Avenue South, Suite E
Birmingham, Alabama 35233
Telephone: (205) 978-4211
Facsimile: (205) 978-4212
Email: jps@schillecitortoricilaw.com

Attorneys for the Plaintiffs

**<u>DEFENDANTS TO BE SERVED AT THE FOLLOWING ADDRESSES</u>:**

Eliot M. Wagonheim, Esq.
303 International Cir., #390
Cockeysville, Maryland 21030

Wagonheim & Associates, LLC
303 International Cir., Suite 390
Hunt Valley, Maryland 21030

With a copy to the following:

Lacey B. Simpson, Esq.
Wagonheim Law
303 International Circle, Suite 390
Hunt Valley, Maryland 21030